IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

United States of America
      Plaintiff,

                                                  Case No. 25CR129

v.

Jose Gregorio Sosa Cardona,
      Defendant.

---

**JOSE SOSA CARDONA'S MOTION FOR
REVIEW OF DETENTION ORDER**

Now comes Defendant Jose Gregorio Sosa Cardona, pursuant to 18 U.S.C. §3145(b), asking this Court to review the detention order issued by the Magistrate Judge. In support of his motion, Mr. Sosa Cardona states the following:

1. On March 25, 2025, the Magistrate Judge issued an Order of Detention Pending Trial, holding that no condition or combination of conditions of release will reasonably assure the defendant's appearance. (Dkt 15).

2. In holding that no set of conditions can assure the Defendant's appearance the Court gave a number of reasons. These reasons included: significant family ties outside of the United States; that Defendant would be subject to removal or deportation after a period of incarceration; that Defendant has made prior attempts to evade law enforcement; issues with his employment in that his employment was the alleged conspiracy; that his legal permanent residency status was obtained unlawfully; and that defendant is unsuperviseable.

3.  Defendant believes the Magistrate Judge erred in making these findings and these errors caused the Magistrate Judge to find by a preponderance of the evidence that no conditions will reasonably assure the Defendant's appearance. Pursuant to § 3145(b) the District Judge can review this finding and this review may be conducted by reviewing the prior record already considered by the Magistrate Judge and making a fresh finding on a complete record. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

4.  One of the contentious issues at the last hearing was whether Defendant's wife, Michelle Renee Malehorn, was capable of serving as a custodian. Defendant would like to supplement his wife's willingness to serve as a custodian with the willingness of their nanny Taylor Jedlowski to support this effort. Both Michelle and Taylor would like to testify before the Court about their commitment to ensure the Defendant will abide by all terms and attend all of his court dates. Taylor would like to testify about her long term employment as nanny of this family and her willingness to supervise the Defendant and assist in the custodianship. And Defendant believes live witness testimony will aid this Court in deciding the issue of whether Michelle and Taylor are appropriate third party custodians. *See U.S. v Russell* 2021 U.S. Dist. LEXIS 224821 *14.

5.  With respect to significant family ties outside of the United States, Defendant is a Venezuelan Citizen and he holds a Venezuelan passport. Upon information and

belief, the United States has cut off all diplomatic relations with Venezuela and all Venezuelan consulates in the United States were closed as of January 2023. Thus Defendant does not believe there is a way he could even obtain a new passport. Defendant is ready to surrender his passport to the Court and show that he is committed to attend all court dates and abide by the Orders of this Court. Additionally, the government alleged during the hearing that Defendant has a son in Colombia with a woman named Angi Perez. The Defendant denies this allegation and is attempting to search for the evidence to show that he does not have a child in Colombia and that the son of Angi Perez is not Defendant's son.

6. In making the custody decision, the Magistrate Judge held that Defendant's prior attempts to evade law enforcement were a reason for his continued detention. Defendant disputes that he previously attempted to evade law enforcement. Defendant's only previous criminal case was from 2013 in Bucks County, Pennsylvania -- CP-09-CR-0003285-2013. There the docket shows Defendant posted bond there on 04/27/2013 - and there is no indication from the docket that Defendant failed to appear on any of his Court dates. (Exhibit A).

7. With respect to Defendant's employment, while the charges in this case relate to illegally representing individuals in immigration cases, Defendant is an interpreter/translator which is not part of the alleged conspiracy and he has jobs with Language Line and other language service companies for both translation and

interpretation. Defendant would like the chance to work as an interpreter to support his family while this case ongoing

8. And with respect to the allegation that his legal permanent residency status was obtained unlawfully, Defendant contests this determination. He remains in a bona fide marriage with a United States Citizen, who sponsored Defendant for permanent residency. They have three children together and have a fixed residence in the northern district of Illinois. While Defendant was recently denied naturalization by the Department of Homeland Security (DHS), he continues to be a legal permanent resident and the DHS has not attempted to take away his residency.

WHEREFORE Defendant Jose Sosa Cardona asks that his Honorable Court review the determination of the Magistrate Judge and permit the Defendant to supplement the record with testimony and additionally evidence to show there are conditions which can reasonably assure his presence as required by this Court.

Respectfully submitted,DATE: May 5 2025
By: /s/ Jacob S Briskman , Attorney-at-Law
2624 W. Fullerton, Chicago, IL 60647
Ph- (312) 945-6207
jacob.briskman@gmail.com