



**FILED**
6/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 129 |
| v. | Hon. Sunil R. Harjani |
| JOSE GREGORIO SOSA CARDONA | Violations: Title 18, United States Code, Sections 371, 1001(a)(1), 1001(a)(3), 1512(b)(2), 1546(a), 2252A(a)(5), and Title 26, United States Code, Section 7206(1) |

1:25-cr-00129-1
Judge Sunil R. Harjani
Magistrate Judge Young B. Kim
DIRECT / Cat. 4

**SUPERSEDING INDICTMENT**

The SPECIAL JUNE 2024 GRAND JURY charges:

1. At times material to this indictment:

    a. United States Citizenship and Immigration Services (USCIS) was a component of the Department of Homeland Security (DHS) and an agency of the executive branch of the United States. USCIS, among other things, was responsible for administering and executing the policies, laws, and regulations by which foreign nationals could apply for lawful status in the United States, including applications for asylum, immigrant visas, lawful permanent residence cards, and naturalized citizenship.

    *Asylum Process*

    b. Under United States immigration law, to obtain asylum in the United States, an alien was required to show that he or she had suffered persecution in his or her country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or had a well-founded fear of

persecution if he or she were to return to such country.

c.     An alien present in the United States seeking affirmative asylum was required to complete a Form I-589, Application for Asylum and for Withholding of Removal, which could be submitted to USCIS. Form I-589 required a detailed and specific account of the basis supporting the applicant's claim for asylum. If Form I-589 was prepared by someone other than the applicant or the spouse, parent, or child of the applicant, such as an attorney or accredited representative, the preparer was required to set forth their name and address on the form. The applicant was required to sign the Form I-589 under penalty of perjury, certifying that the application and evidence submitted with the application were true and correct. The preparer was required to sign the Form I-589 certifying that the responses within the application were all based on information of which the preparer had knowledge or information provided by the applicant, and acknowledging the preparer's awareness that the knowing placement of false information in the application could subject the preparer to criminal penalties under Title 18, United States Code, Section 1546(a).

d.     After an applicant's Form I-589 was submitted to USCIS, the applicant would be interviewed by a USCIS officer (Asylum Officer) to determine whether the applicant qualified for asylum. The applicant was placed under oath at the interview and answered questions about the basis for their asylum claim. At or before the interview, the applicant could present witnesses or documentation in support of their asylum claim. After the interview, the Asylum Officer determined whether the applicant qualified for asylum, and that determination was then

reviewed by a supervisory asylum officer within USCIS.

       e.     Types of documentation generally submitted in support of an asylum claim could include photos, foreign police reports, foreign medical reports, foreign political party membership letters, and other documents in the applicant's native language. If a supporting document was not in the English language, a translation of the document, with certification, was required to accompany the document. The translator of the document was required to certify that the translation was complete and accurate, and that the translator was competent to translate from the foreign language to English.

       f.     If an applicant was granted asylum, they received a completed Form I-94 that reflected that USCIS had granted them asylum status. Certain qualifying family members were eligible for derivative asylum status based upon their relationship to the principal petitioner who had obtained asylum status. An applicant with asylum status could apply for, among other things, lawful permanent resident status. A grant of asylum did not expire, although USCIS could terminate asylum status if, among other things, it was discovered that the applicant obtained the asylum status through fraud or no longer had a well-founded fear of persecution in their home country.

       g.     An individual who had been granted asylum could apply for lawful permanent resident status in the United States by filing a Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS. An applicant who submitted a Form I-485 was required to sign the application, certifying

under penalty of perjury that the information contained in the application, and any document submitted with the application, were complete, true, and correct.

### *U-Visa Program*

h.     An alien present in the United States who was the victim of a qualifying crime could apply for U nonimmigrant status (U-Visa). The availability of a U-Visa was intended to strengthen the ability of law enforcement agencies to investigate and prosecute certain crimes while also protecting victims of crimes who were willing to help law enforcement authorities in the investigation or prosecution of the criminal activity.

i.     Foreign nationals were eligible for a U-Visa if they (1) were the victim of a qualifying criminal activity or qualifying crime (QCA) that violated United States law or occurred in the United States or the territories and possessions of the United States; (2) possessed information about the QCA; (3) had been or were likely to be helpful to a federal, state, tribal, or local law enforcement official, prosecutor, judge, or other authority investigating or prosecuting the QCA; (4) had suffered substantial physical or mental abuse as a result of being a victim of the QCA; and (5) were admissible or merited a discretionary waiver of any applicable grounds of inadmissibility. QCAs included, among other crimes: extortion, false imprisonment, unlawful criminal restraint, and felonious assault. Certain qualifying family members were eligible for derivative U-Visa status based upon their relationship to the principal petitioner filing for the U-Visa.

j.     Qualifying crime victims could apply for U-Visa status by

submitting a USCIS Form I-918, Petition for U Nonimmigrant Status; a form I-918, Supplement B, U Nonimmigrant Status Certification; and evidence to support each eligibility requirement, to the USCIS.

      k.    Form I-918 called for applicants to state if they were a victim of qualifying criminal activity, suffered substantial physical or mental abuse as a result of having been a victim of the criminal activity, and possessed information concerning the criminal activity. The form required the applicant to attach a personal narrative statement describing the criminal activity, along with supporting documentation. The form also required the applicant to certify, under penalty of perjury, that all the information in their application and any document submitted therewith was complete, true, and correct. If a preparer, such as an attorney or accredited representative, filled out Form I-918, they were required to set forth their name and address on the form. There was a section in the form where the preparer was required to indicate whether, or not, they were an attorney or accredited representative.

      l.    Form I-918, Supplement B, required the signature of an authorized official of a certifying law enforcement agency (certifier) confirming the applicant was a victim of a qualifying crime and had been or would be helpful in the investigation or prosecution of any resulting case.

### *Defendant and His Company*

      m.    Defendant JOSE GREGORIO SOSA CARDONA (SOSA) operated a business assisting individuals in applying for asylum, immigrant visas, lawful permanent residence cards, and other immigration benefits, in return for a fee. SOSA

5

conducted his business under the name Delta Globale Solutions, Inc. a/k/a Delta Global Solutions, a/k/a Delta Global, a/k/a DGS (hereinafter, Delta Global). In addition to Delta Global, defendant SOSA also provided assistance to clients applying for asylum doing business under other names, including Sin Fronteras and Enlace. Defendant SOSA was not a licensed attorney, and was not an accredited representative authorized to represent applicants in immigration matters before USCIS.

n.      Employee A worked for defendant SOSA from approximately April 2019 to June 2022.

o.      Employee B worked for defendant SOSA from approximately August 2023 to December 2024.

2.      Beginning not later than March 2020, and continuing until at least November 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE GREGORIO SOSA CARDONA,

defendant herein, did conspire with employees, including Employee A and Employee B, and with others, known and unknown to the grand jury, (a) to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of USCIS, an agency of the United States, in administering and executing United States immigration laws and regulations; and (b) to commit offenses against the United States, namely:

a.      to knowingly obtain Form I-94s and non-immigrant U-Visas,

6

which were documents prescribed by statute and regulation as evidence of authorized stay in the United States, knowing them to have been procured by means of any false claim and statement and to have otherwise been procured by fraud and unlawfully, in violation of Title 18, United States Code, Section 1546(a), ¶ 1; and

b.    to knowingly make under oath or subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly present any application, affidavit, and other document which contains any such false statement and fails to contain any reasonable basis in law and fact, namely Form I-485s, Form I-589s, and Form I-918s, and accompanying affidavits and other documentation, in violation of Title 18, United States Code, Section 1546(a), ¶ 4.

<u>Manner and Means of the Conspiracy</u>

3.    It was part of the conspiracy that defendant SOSA and his conspirators caused the submission of false information to USCIS through fraudulent applications for immigration benefits filed on behalf of foreign nationals that were clients of SOSA, or beneficiaries of such clients.

4.    It was further part of the conspiracy that defendant SOSA created, and caused his conspirators and employees to create, fictitious background narratives to support clients' applications for asylum.

5.    It was further part of the conspiracy that defendant SOSA created, and caused his conspirators and employees to create, fraudulent documents, including

foreign political party letters, foreign police reports, and foreign medical reports, to corroborate the fictional narratives defendant SOSA created and caused to be created for his clients' asylum applications.

6.      It was further part of the conspiracy that defendant SOSA and his conspirators created, and caused to be created, fraudulent Form I-485 applications that contained false information regarding the applicants' prior representations to the United States to obtain immigration benefits.

7.      It was further part of the conspiracy that defendant SOSA and his conspirators created, and caused to be created fraudulent Form I-918 applications for nonimmigrant U-Visas that contained purported signatures of law enforcement officers, including real law enforcement officers who had not signed the forms.

8.      It was further part of the conspiracy that defendant SOSA encouraged and caused his clients to sign Forms I-485. I-589, and I-918, that SOSA knew contained false information that would be relied upon by USCIS.

9.      It was further part of the conspiracy that defendant SOSA encouraged and caused clients to testify falsely at interviews with Asylum Officers concerning the clients' basis for asylum and the truthfulness of their applications.

10.     It was further part of the conspiracy that defendant SOSA and his conspirators submitted and caused to be submitted to USCIS fraudulent Forms I-485. I-589, and I-918 as described above to obtain immigration benefits.

11.     It was further a part of the conspiracy that defendant SOSA falsely represented himself to be an attorney to clients, employees, and to USCIS, including

in documents filed with USCIS and appearances in clients' matters before USCIS.

Overt Acts

12.     In furtherance of the conspiracy and to effect its unlawful objectives, SOSA committed and caused to be committed one or more of the following overt acts in the Northern District of Illinois and elsewhere:

Client S.G.

a.     On or about June 30, 2020, defendant SOSA caused a Microsoft Word document to be printed that purported to be an official law enforcement report from Venezuela dated May 22, 2017, in order to create false corroboration for Client S.G.'s asylum claim.

b.     On or about July 13, 2020, defendant SOSA caused a Form I-589 containing false information and an accompanying false asylum story with fabricated support documents, including a fraudulent law enforcement report and fraudulent political party letter, to be submitted to USCIS on behalf of Client S.G.

c.     On or about August 25, 2021, defendant SOSA caused Client S.G. to appear before an Asylum Officer and present the false information in Client S.G.'s application to the Asylum Officer.

d.     On or about September 27, 2022, defendant SOSA caused a Form I-485 to be submitted to USCIS on behalf of Client S.G. that contained false information, namely, representations that Client S.G. had never submitted fraudulent or counterfeit documentation to any U.S. Government official to obtain or attempt to obtain any immigration benefit, and that Client S.G. had never lied or

misrepresented any information on an application or petition to obtain any kind of immigration benefit.

Client A.F.

e.      On or about March 9, 2020, defendant SOSA appeared with Client A.F. for an interview regarding the Form I-589 that defendant SOSA had previously caused to be filed for her, and caused Client A.F. to present the false information included within that application, including the fabricated support documents submitted in support of that application, to the Asylum Officer.

f.      On or about February 6, 2024, defendant SOSA caused to be submitted to USCIS a Form I-918 seeking a U-Visa with an accompanying Form I-918, Supplement B, law enforcement certification that contained the forged signature of Police Chief A, on behalf of Client A.F.

Client M.M.

g.      On or about December 14, 2021, defendant SOSA and Employee A caused a Microsoft Word document to be created and printed that purported to be an official law enforcement report from Venezuela dated October 28, 2019, in order to create false corroboration for Client M.M.'s asylum claim.

h.      On or about December 20, 2021, defendant SOSA and Employee A caused a Form I-589 containing false information and an accompanying false asylum story with fabricated support documents, including a fraudulent law enforcement report, to be submitted to USCIS on behalf of Client M.M.

i.      On or about May 4, 2022, defendant SOSA and Employee A

10

caused Client M.M. to appear before an Asylum Officer and present the false information in her application to the Asylum Officer.

Client J.G.

j.      On or about November 8, 2023, defendant SOSA caused a Microsoft Word document to be created and printed that purported to have been issued January 19, 2019, to evidence Client J.G.'s membership in a political party, in order to create false corroboration for Client J.G.'s asylum claim.

k.      On or about November 22, 2023, defendant SOSA caused a Form I-589 containing false information and an accompanying false asylum story with fabricated support documents, including a fraudulent political party membership letter, to be submitted to USCIS on behalf of Client J.G.

Client M.G.

l.      On or about November 9, 2023, defendant SOSA caused a Microsoft Word document to be created and printed that purported to have been issued August 22, 2015, to evidence Client M.G.'s membership in a political party, in order to create false corroboration for Client M.G.'s asylum claim.

m.      On or about November 15, 2023, defendant SOSA caused a Form I-589 containing false information and an accompanying false asylum story with fabricated support documents, including a fraudulent political party membership letter, to be submitted to USCIS on behalf of Client M.G.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JUNE 2024 GRAND JURY charges:

1.      The allegations in paragraphs 1(a) through 1(e) of Count One of this indictment are incorporated here.

2.      On or about August 25, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE GREGORIO SOSA CARDONA,

defendant herein, knowingly presented documents containing false information in support of Client S.G.'s Form I-589, namely: (1) a document defendant SOSA caused to be created that falsely presented as having been issued by a law enforcement agency in Venezuela; and (2) a document defendant SOSA caused to be created that falsely presented as having been issued by a political party in Venezuela.

In violation of Title 18, United States Code, Section 1546(a) ¶ 4.

12

## COUNT THREE

The SPECIAL JUNE 2024 GRAND JURY charges:

1.      The allegations in paragraphs 1(a) and 1(h) through 1(m) of Count One of this indictment are incorporated here.

2.      On or about February 6, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE GREGORIO SOSA CARDONA,

defendant herein, knowingly presented a document containing false information in support of Client A.F.'s Form I-918, namely: a Form I-918, Supplement B, law enforcement certification containing a forged signature of Police Chief A.

In violation of Title 18, United States Code, Section 1546(a) ¶ 4.

## **COUNT FOUR**

The SPECIAL JUNE 2024 GRAND JURY charges:

1.     The allegations in paragraphs 1(a) through 1(e) of Count One of this indictment are incorporated here.

2.     On or about November 15, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE GREGORIO SOSA CARDONA,

defendant herein, knowingly presented a document containing false information in support of Client M.G.'s Form I-589, namely: a document defendant SOSA caused to be created that falsely presented as having been issued by a political party in Venezuela.

In violation of Title 18, United States Code, Section 1546(a) ¶ 4.

## <u>COUNT FIVE</u>

The SPECIAL JUNE 2024 GRAND JURY charges:

1.     The allegations in paragraphs 1(a) through 1(e) of Count One of this indictment are incorporated here.

2.     On or about November 23, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE GREGORIO SOSA CARDONA,

defendant herein, knowingly presented a document containing false information in support of Client J.G.'s Form I-589, namely: a document defendant SOSA caused to be created that falsely presented as having been issued by a political party in Venezuela.

In violation of Title 18, United States Code, Section 1546(a) ¶ 4.

## COUNT SIX

The SPECIAL JUNE 2024 GRAND JURY charges:

1.      At times material to this indictment:

        a.      The allegations in paragraph 1(a) of Count One of this indictment are incorporated here.

        b.      A lawful permanent resident of the United States could apply to become a naturalized citizen by filing a Form N-400, Application for Naturalization, with USCIS. As part of the application process, the applicant would be interviewed by a USCIS hearing officer concerning the application.

        c.      On or around November 15, 2022, defendant JOSE GREGORIO SOSA CARDONA (SOSA) filed his Form N-400, Application for Naturalization, with USCIS.

        d.      On or around October 16, 2024, defendant SOSA appeared at a USCIS office in Chicago, Illinois for an interview concerning his Application for Naturalization.

2.      On or around October 16, 2024, at Chicago, in the Northern District of Illinois, Eastern Division,

                        JOSE GREGORIO SOSA CARDONA,

defendant herein, did knowingly and willfully make or use a document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, namely: an Application for Naturalization, in a matter within the jurisdiction of the USCIS, an agency within the executive branch of the government of the United

16

States, wherein defendant falsely represented:

a)     That he had never claimed to be a U.S. citizen in writing or in any other way;

b)     That he had never committed, assisted in committing, or attempted to commit a crime or offense for which he was not arrested;

c)     That he had only ever been married to one person; and

d)     That he had not ever given any U.S. Government officials any information or documentation that was false, fraudulent, or misleading.

In violation of Title 18, United States Code, Section 1001(a)(3).

## COUNT SEVEN

The SPECIAL JUNE 2024 GRAND JURY charges:

1.     At times material to this indictment:

a.     The allegations in paragraph 1(a) of Count One of this indictment are incorporated here.

b.     To represent an individual in an immigration matter before USCIS the representative was required to be an attorney, accredited representative, or be within one of the three other categories specified 8 CFR § 292.1. An individual who charged clients a fee and was not an attorney, or was not working under the supervision of an attorney, was not eligible to represent clients before USCIS.

c.     An attorney within the meaning of 8 CFR § 292.1 was "any person who is eligible to practice law in, and is a member in good standing of the bar of, the highest court of any State, possession, territory, or Commonwealth of the United States, or of the District of Columbia, and is not under any order suspending, enjoining, restraining, disbarring, or otherwise restricting him or her in the practice of law."

d.     An accredited representative within the meaning of 8 CFR § 292.1 was a non-profit religious, charitable, social service, or similar organization that met certain qualifications and was recognized by the Board of Immigration Appeals within the Executive Office for Immigration Review, Department of Justice.

e.     A Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, was a form used by attorneys and accredited

18

representatives when representing a client in an immigration matter before USCIS. Among other things, the form required an attorney to provide their bar number and licensing authority, and required an accredited representative to provide the name of their organization and the date that it was accredited. The form was signed by the attorney or accredited representative as well as the client.

f.     Defendant JOSE GREGORIO SOSA CARDONA (SOSA) operated a business assisting individuals in applying for asylum, immigrant visas, lawful permanent residence cards, and other immigration benefits, in return for a fee. SOSA conducted his business under the name Delta Globale Solutions, Inc. a/k/a Delta Global Solutions, a/k/a Delta Global, a/k/a DGS (hereinafter, Delta Global). In addition to Delta Global, defendant SOSA also provided assistance to clients applying for asylum doing business under other names, including Sin Fronteras and Enlace. Defendant SOSA was not a licensed attorney, and was not an accredited representative authorized to represent applicants in immigration matters before USCIS.

2.     On or about April 17, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE GREGORIO SOSA CARDONA,

defendant herein, did knowingly and willfully falsify, conceal, and cover up, by trick, scheme, and device, a material fact in a matter within the jurisdiction of USCIS, an agency within the executive branch of the government of the United States, by submitting a Form G-28 to USCIS, containing the materially false representation

19

that he was an attorney licensed to practice law in Ohio; and presenting a USCIS hearing officer with a fraudulent identification card stating that he was an attorney licensed to practice law in Ohio.

In violation of Title 18, United States Code, Section 1001(a)(1).

## COUNT EIGHT

The SPECIAL JUNE 2024 GRAND JURY charges:

On or about November 21, 2024, at Lisle, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSE GREGORIO SOSA CARDONA,

defendant herein, knowingly possessed material, namely, the following:

| Item | Serial Number |
|------|---------------|
| Seagate Backup Plus Portable hard drive, model SRD0VN3 | NAB9DYJ3 |
| Seagate Backup Plus Portable hard drive, model SRD00F1 | NA9EVKGY |
| Seagate Backup Plus Portable hard drive, model SRD00F1 | NA7QF8V3 |
| Apple iMac desktop computer, model A2438 | H4TFR1CJQ6W8 |

that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, such image having been shipped and transported in interstate and foreign commerce by any means, including by computer, and such image having been produced using materials that had been shipped and transported in interstate and foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

21

## COUNT NINE

The SPECIAL JUNE 2024 GRAND JURY charges:

On or about March 22, 2021, in the Northern District of Illinois, Eastern Division,

### JOSE GREGORIO SOSA CARDONA,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for tax year 2020, which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service (IRS), which return defendant did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on Form 1040, line 25a, that $25,505 in federal income tax had been withheld, when defendant knew that this amount was false because it included $3,360 falsely reported in a Form W-2 issued by Delta Languages LLC that had not been withheld or paid over to the IRS, and $20,130 falsely reported in a Form W-2 issued by Delta Global Solutions Inc. that had not been withheld or paid over to the IRS;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT TEN**

The SPECIAL JUNE 2024 GRAND JURY charges:

On or about March 14, 2022, in the Northern District of Illinois, Eastern Division,

### JOSE GREGORIO SOSA CARDONA,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for tax year 2021, which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service (IRS), which return defendant did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on Form 1040, line 25a, that $27,090 in federal income tax had been withheld, when defendant knew that this amount was false because it included $3,950 falsely reported in a Form W-2 issued by Delta Languages LLC that had not been withheld or paid over to the IRS, and $19,575 falsely reported in a Form W-2 issued by Delta Global Solutions Inc. that had not been withheld or paid over to the IRS;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT ELEVEN**

The SPECIAL JUNE 2024 GRAND JURY charges:

On or about March 4, 2023, in the Northern District of Illinois, Eastern Division,

### JOSE GREGORIO SOSA CARDONA,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for tax year 2022, which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service (IRS), which return defendant did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on Form 1040, line 25a, that $78,244 in federal income tax had been withheld, when defendant knew that this amount was false because it included $11,512 falsely reported in a Form W-2 issued by Delta Languages LLC that had not been withheld or paid over to the IRS, and $62,431 falsely reported in a Form W-2 issued by Delta Global Solutions Inc. that had not been withheld or paid over to the IRS;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT TWELVE**

The SPECIAL JUNE 2024 GRAND JURY charges:

On or about March 10, 2024, in the Northern District of Illinois, Eastern Division,

### JOSE GREGORIO SOSA CARDONA,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for tax year 2023, which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service (IRS), which return defendant did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on Form 1040, line 25a, that $87,313 in federal income tax had been withheld, when defendant knew that this amount was false because it included $1,330 falsely reported in a Form W-2 issued by Delta Languages LLC that had not been withheld or paid over to the IRS, and $81,320 falsely reported in a Form W-2 issued by Delta Global Solutions Inc. that had not been withheld or paid over to the IRS;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THIRTEEN

The SPECIAL JUNE 2024 GRAND JURY charges:

Beginning on or about November 21, 2024 and continuing through at least November 26, 2024, in the Northern District of Illinois, Eastern Division,

JOSE GREGORIO SOSA CARDONA,

defendant herein, did knowingly attempt to corruptly persuade a person, Individual B, to alter, destroy, mutilate, or conceal an object, a MacBook and files contained thereon, with intent to impair the object's integrity or availability for use in an official proceeding, namely, a federal grand jury investigation and criminal prosecution in the United States District Court for the Northern District of Illinois;

In violation of Title 18, United States Code, Section 1512(b)(2)(B)(i).

## **FORFEITURE ALLEGATION**

The SPECIAL JUNE 2024 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 18, United States Code, Section 2252A as set forth in this Indictment, defendant shall forfeit to the United States of America any matter which contains visual depictions described in Title 18, United States Code, Section 2252A; and any property used and intended to be used to commit and to promote the commission of such offense, and any property traceable to such property, as provided by Title 18, United States Code, Section 2253(a).

2.     **The property to be forfeited includes, but is not limited to, the following specific property:**

i.     The Seagate Backup Plus Portable hard drive, model SRD0VN3, bearing serial number NAB9DYJ3;

ii.     The Seagate Backup Plus Portable hard drive, model SRD00F1, bearing serial number NA9EVKGY;

iii.     The Seagate Backup Plus Portable hard drive, model SRD00F1, bearing serial number NA7QF8V3; and

iv.     The Apple iMac desktop computer, model A2438, bearing serial number H4TFR1CJQ6W8.

All pursuant to Title 18, United States Code, Section 2253.

A TRUE BILL:

_____

FOREPERSON

_____
Signed by Sarah Streicker on behalf of the
UNITED STATES ATTORNEY